## Jeff Palmer v. The State.

### No. 3025.   Decided November 16, 1904.

**Assault with Intent to Murder—Charge of the Court—Aggravated Assault—
.      Defense of Brother.**

Where there was evidence that the alleged injured party made an attack upon defendant and his brother, and struck the latter in the face with his fist, causing pain, whereupon all the parties engaged in a fight, and in the struggle defendant cut the prosecutor with a knife, the court should have charged the jury on aggravated assault, both from defendant's own standpoint, as well as from that growing out of the assault upon his brother.

Appeal from the District Court of Falls.   Tried below before Hon. Sam R. Scott.

Appeal from a conviction of assault with intent to murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Nat Levellyn,* for appellant.— On proposition that appellant had the right to defend his brother: Bomier v. State, 15 S. W. Rep., 821, 29 Texas Crim. App., 230; Snell v. State, 15 S. W. Rep., 722, 29 Texas Crim. App., 239; Glover v. State, 26 S. W. Rep., 204; 33 Texas Crim. App., 227; Phipps v. State, 31 S. W. Rep., 399; 34 Texas Crim. Rep., 563; Hargrove v. State, 26 S. W. Rep., 993, 33 Texas Crim. Rep., 457; Johnson v. State, 1 Texas Ct. Rep., 108; Monson v. State, 2 Id., 925; White's Ann. P. C., section 1163; Willson Crim. Stats., section 980.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was found guilty of assault with intent to murder, and his punishment assessed at confinement in the penitentiary for a term of five years; hence this appeal.

Appellant contends the court erred in not sufficiently presenting the law of aggravated assault.   The substance of the facts pertaining to this phase of the case show that appellant and his brother were in the store of the alleged assaulted party, Savas Xydias.   Defendant inquired the price of cabbage, and upon being informed, stated it was too high. His brother, Chapman Palmer, picked up a strawberry out of a box, and placed it in his mouth; and Xydias remarked to him, "Mr. Nigger, when you come into a white man's store, look, but never *touch.*"   Palmer replied, "Well, we are in the wrong place."   Xydias said, "Yes, you are.   Get out, and never come back."   Appellant and his brother went through the screen door on to the street; and stopped immediately in front of the screen-door.   Xydias repacked his strawberries, which took five or six minutes.   After he had finished this job, he saw three negroes in conversation, and went to the door and told them to clear that

door and let him do business, and not bar up the door. Chapman Palmer remarked, "We are in the public road, and if you come out we will knock hell out of you." Xydias walked out, and the negroes got out of the way. Speaking to Chapman Palmer, Xydias said: "Mr. Nigger, I don't want any trouble, and you had better go and not bother anybody." He testified that just at this juncture, Chapman raised some hoes or hoe handles that he had on his shoulder, as if to strike, and Xydias struck him twice with his fists—one of these blows, if not both, seem to have been on the face. George Sanders, witness for the State, testified, that he was standing in the immediate vicinity of the trouble, and noticed the darkey with the weeding hoes on his shoulder (who was shown to be Chapman Palmer) and there were two or three other negroes. Xydias remarked to the negro with the hoes, "Nigger, get out of my way with those sticks, and don't block the way," or something to that effect. The negro "kinder" looked around back, and said, "Don't shove me, whiteman." About that time Xydias' nephew came out of the store, as though he was going to make the old negro get out of the way; and Xydias remarked to his nephew, "Get back into the house and attend to your business. I will attend to this out here myself." The old negro had not moved, but was standing there with his hoes. Xydias placed his hands on the negro, and says, "Go on, nigger, out of my way." And the negro raised his hoes in a striking position, and says, "I will hit you sure if you push me—" and raised his hoes, as if to strike. Xydias then struck the negro with his fists, and they "kinder" clinched and the hoes dropped over Xydias' shoulder. At this time they all rushed together, including the defendant; and the whole scene became one of confusion. It seems that defendant got his right arm around Xydias' neck and the other in front of him, and the witness thought he was going to throw him. The evidence shows, however, that when he placed one arm around Xydias' neck, with the other hand he stuck a knife in Xydias' stomach. Dr. McKnight testified, for the State, that he was an eye-witness to the difficulty, and heard some words between the parties on the sidewalk in front of Xydias' store, and as he walked up, Chapman Palmer made some remark to Xydias, of an insulting character, and raised his hoe as if he intended to strike. They were then about four feet apart. Xydias sprang towards him and struck him in the face, as he raised the hoes. The old darkey seemed to try to strike with the hoes. This witness grabbed the hoes, as he drew them back or wrung them out of his hand from behind. There was another blow or two passed, and then a crowd gathered around. As this witness grabbed the hoes from the older darkey, another darkey ran up and asked him for the hoes, but witness refused to turn them over. He looked off for a moment and when he again looked around, defendant was "in a tangle" with Xydias—one arm around his neck and the other around his waist. The younger Xydias, about that time pulled defendent loose from the elder Xydias, and the defendant was either knocked or pushed down by the elder Xydias out in the street. The de-

fendant denied having done anything duing the fight; that he was not there at the beginning of the fight, but went there after it began; that he was not shoved down nor hit, nor did he strike anybody—to use his language "did not take any stock in the fight at all." Said he had been sick with chills and fever, and on the particular day in question was in the town of Marlin, and had been drinking some.

The court submitted assault to murder, and then instructed the jury, if they had a reasonable doubt whether the assault was upon malice aforethought, with intent to murder, to acquit of that offense, and consider whether appellant was guilty of an aggravated assault. The charge submitting that issue is in the following language: "If you believe from the evidence that defendant on or about the time charged in the indictment, with a deadly weapon did unlawfully assault said Savas Xydias, as charged, you will find defendant guilty of an aggravated assault, assess his punishment," etc. The contention is, that the court's charge should have gone further and instructed the jury, if, under the facts Xydias was the attacking party, and by his blows produced pain or bloodshed to Chapman Palmer, the brother of appellant by such assault and striking, then defendant would only be guilty of an aggravated assault. Appellant's theory is that Xydias brought about the difficulty; that in ordering Chapman Palmer from the street, and striking him the first blow in the face, Xydias was the aggressor, that appellant had the same right to defend against this assault as is accorded Chapman Palmer under the law. This contention is intensified, as he contends, by reason of the fact, that the younger members of the Xydias family were also taking part in the difficulty. There is some evidence showing when the difficulty came up, the younger Xydias returned from the store, to the scene of the difficulty and took part in it. If Xydias was the attacking party under the circumstances above detailed, and he inflicted blows upon Chapman Palmer's face, then Chapman Palmer certainly had the right to defend himself; and if the blow produced pain, in case death had resulted, it would have been adequate cause under the statute to reduce the killing to manslaughter, if the necessary passion had been thereby engendered. Under these circumstances, Chapman Palmer being on trial, would have been entitled to a charge on manslaughter, if death had resulted, and not resulting in death was entitled to a charge on aggravated assault, as presented by this state of case. Appellant, being the brother of Chapman, and seeing his brother assaulted in such manner, would have the same right to resist the assault, as would the brother. Guffee v. State, 8 Texas Crim. App., 187. The fact that he may have used greater violence, or more force than was necessary, while it might not suggest the issue of self-defense, it would not relieve the court from charging the issue of aggravated assault, as made by such state of case. In other words, under this state of case, appellant would have the same right to resist the assault of Xydias as would his brother, Chapman Palmer, upon whom the assault was made. Exception was reserved to the court's charge

for this omission in the motion for new trial. This was in ample time, under article 723, Criminal Code Procedure. A charge should have been given presenting the issue of aggravated assault from this standpoint. Because it was not given, the judgment is reversed and the cause remanded.

*Reversed and remanded.*